THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DOYLE M. HARRIS, Defendant-Appellant.
Fourth District   No. 4—89—0583

Opinion filed March 22, 1990.

Daniel D. Yuhas and Jonathan Haile, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and William H. Hall IV, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On May 22, 1989, defendant Doyle Harris, following a jury trial held in the circuit court of Macon County, was found guilty of committing the offenses of armed robbery and home invasion. (Ill. Rev. Stat. 1987, ch. 38, pars. 18—2, 12—11.) He was subsequently sentenced to concurrent 12-year prison sentences. He now appeals, alleging he was not proved guilty beyond a reasonable doubt of the armed robbery offense. We affirm.

The evidence presented at trial establishes that, on December 14, 1988, around 6 p.m., a young man knocked at the door of 76-year-old Lorraine Miller. At that time, she had a visitor, 79-year-old Morris Banner. The young man explained to them that someone had broken the windshield on his car and the police needed to be called. Miller suggested he come in and place the call himself.

As he entered, they observed he held a large knife in his hand, beside his right leg. Then, he shoved Banner over a small table and, as Banner lay on the floor, defendant sat astride him. The man held a knife to Banner's throat as he rifled Banner's pockets. The man, threatening to kill Banner, demanded money. Banner directed the man to a small tote bag containing Banner's money and other personal items, which was on a chair in the next room. The assailant rose, grabbed the bag, and started to leave.

During this time, Miller was outside screaming for help and a neighbor responded. As the neighbor arrived, she saw the perpetrator drop the knife and flee. She followed him, and caught up with him shortly. She grabbed the pocket of his pants, and he momentarily turned around before continuing his flight and escaping. All three positively identified the defendant as the man.

Defendant's sole allegation of error is that he was not proved guilty beyond a reasonable doubt of armed robbery. He notes that to be convicted of robbery, or armed robbery, it is necessary that the property be taken from the person or presence of another. (Ill. Rev. Stat. 1987, ch. 38, pars. 18—1, 18—2.) He argues the evidence in this case shows the tote bag was taken from the next room and it was, therefore, not in Banner's presence. In making his argument, defendant relies on this court's earlier decision of *People v. King* (1979), 67 Ill. App. 3d 754, 384 N.E.2d 1013.

However, we believe defendant misapprehends the nature of the *King* case. In *King*, the defendant entered the home and raped the victim. He covered her with a blanket, telling her not to move, and left. It was not until after she reported the rape that the victim noticed her purse was missing from the kitchen, which was 15 to 30 feet away. The court reversed the armed robbery conviction. However, that decision was not based on whether the purse was taken from the "person or presence of" the victim. Rather, that decision was based on the absence of force used in the taking of the purse. To the extent that *King* is based on the fact the purse was in the other room, we believe it is bad law and repudiate that reasoning.

As noted, an essential element of armed robbery is the taking of property "from the person or presence" of another. However, this requirement is not limited to removal of the property from the victim's person, or the immediate presence of the owner, possessor, or custodian. (*People v. Smith* (1980), 78 Ill. 2d 298, 302, 399 N.E.2d 1289, 1292.) The test is that the property should be in the possession of, or under the control of, the victim in such a way, or to such an extent, that violence, or fear of violence, was the means the robber used to take it. (*People v. Braverman* (1930), 340 Ill. 525, 531, 173 N.E. 55, 57; *People v. Carpenter* (1981), 95 Ill. App. 3d 722, 726, 420 N.E.2d 640, 644; *People v. Rosa* (1982), 111 Ill. App. 3d 384, 390, 444 N.E.2d 233, 238.) Thus, the offenses of robbery and armed robbery are complete when force, or threat of force, causes the victim to part with possession or custody of the property against his will. *Smith*, 78 Ill. 2d at 303, 399 N.E.2d at 1292.

Accordingly, courts have sustained convictions where the victim

was locked in another room from where the property was taken (*Braverman*, 340 Ill. 525, 173 N.E. 55; *Carpenter*, 95 Ill. App. 3d 722, 420 N.E.2d 640); where the property was taken from another room, following a sexual assault (*People v. Pavic* (1982), 104 Ill. App. 3d 436, 432 N.E.2d 1074; *People v. Gibson* (1985), 137 Ill. App. 3d 330, 484 N.E.2d 858); where a van was taken after the salesman had been tied up (*Rosa*, 111 Ill. App. 3d 384, 444 N.E.2d 233); and where, in response to a bomb threat, store managers placed money at various drop sites (*Smith*, 78 Ill. 2d 298, 399 N.E.2d 1289).

In the case at bar, it is obvious defendant sought money from Banner while he threatened Banner with a knife. It is equally apparent that Banner directed defendant to his tote bag, in response to this threat of violence. Since it is only due to this threat that Banner parted with possession of his property, the offense of armed robbery is complete. The fact the property was actually located in another room is immaterial.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.